PER CURIAM:
This claim grows out of a motor vehicle accident which occurred on October 15, 1976. The claimant, upon payment to its insured, under the collision coverage of its insurance policy, on October 27, 1976, became subrogated to its insured’s claim for property *56 damage in the sum of $1,145.68. This claim, in that sum, was filed on October 25, 1978, and came on for hearing upon the respondent’s motion to dismiss based upon the two-year period of limitations delineated in West Virginia Code §55-2-12.
Claimant’s counsel argued that the claimant had no cause of action until October 27, 1976, the date of claimant’s payment to its insured, and that the period of limitations should run from that date rather than the date of the accident. In other words, that a period of limitations could be extended by subrogation, a novel but obviously illogical conclusion. It also was argued that the claimant was misled in some vague manner by correspondence between the parties a few months before the period expired, but the Court is unable to perceive any statement or conduct on the part of the respondent which was calculated to mislead the claimant.
Of course, in other courts of this State, limitations simply is an affirmative defense which must be pleaded and proved. But, in this Court, it is a jurisdictional matter. West Virginia Code §14-2-21, provides in part:
“The court shall not take jurisdiction of any claim, whether accruing before or after the effective date of this article, unless notice of such claim be filed with the clerk within such period of limitation as would be applicable under the pertinent provisions of the Code of West Virginia,...”
Accordingly, the motion to dismiss must be, and it is, granted.
Motion to dismiss sustained.